The 4th District Appellate Court of the State of Illinois has now convened. The Honorable James A. Kinect presiding. This is case number 419-0142 and 0271, People of the State of Illinois v. Oliver Hutt. Would the appellant please state your name for the record. My name is James Waller with the Office of the State Appellate Defender, and I represent Oliver Hutt in these consolidated cases. Thank you. Would counsel for the appellee please state your name for the record. I'm Kathy Shepard representing the appellee, the people of the State of Illinois. You may proceed, counsel. Thank you. May it please the court, counsel. Unless there's any objection, we'd love to chat with you primarily about arguments one and two in the briefs. I'm sure the court is aware of the additional authority we cited regarding argument three, the restitution question, and People v. Burge, which we believe is dispositive of the issue. Happy to answer any questions about the applicability of that case, but otherwise I think that our time would best be used talking about arguments one and two. Those are one, Oliver Hutt was denied his constitutional right to a jury trial in the DUI case. And two, Oliver never committed obstruction of justice as the statute does not apply to his actions and the evidence of any refusal was insufficient to convict. Mr. Hutt never waived his jury trial right. At the October 10, 2017 pre-trial, Mr. Hutt did not waive his jury trial rights for the, or excuse me, he did waive them for the obstruction case and an unrelated resisting charge. The written jury waiver lists only two cases. This case 17 DT 51 was not a part of that waiver. It was not listed on the waiver sheet and it was never discussed on the transcript as intending to be included in the waiver. There's no indication on the record that he intended to waive on that date on October 10. Now the evidentiary bar for a court to find a waiver of jury trial is pretty low. In fact, as far as guaranteed fundamental rights go, that are the defendant's sole decision to make, waiver of jury trial is probably the fewest requirements. If your attorney says you waived the right to a jury trial and you don't interrupt the proceedings to contradict them right away, many courts will find there to be a valid waiver, reviewing courts will usually not disturb the finding, but you have to have that initial waiver. Either the defendant or the attorney has to waive the right to a jury trial, either verbally or the defendant's signature on a written jury waiver. Ideally, the court would quickly advise the defendant that the decision is theirs and confirm their intention to waive the jury trial, but at a minimum, somebody has to express an intention to waive that right. I would say the most fundamental right in our criminal justice system. That didn't happen here. There was no waiver, not spoken, not in writing, even when questions arose at the next pretrial or excuse me at the March 21st pretrial. I'm sorry. I don't know if there's a question I apologize. At the March 21st pretrial when questions arose about what was waived. The court said it would end order a transcript and review the situation. Nothing seems to have been done there's no docket sheet entry indicating the transcripts were ordered certainly never received. And at the next status date, defense counsel informed the court that Mr Hutton want to go to trial and the remaining cases but that he'd waived his right to a jury trial on them. The court again accepted this and they set the case for bench trial. State. You seem to have lost over the October 25 to 17 status hearing there was a conversation with the court at that time with regard to the waiver. Let me I'm sorry let me pull that from the record and was that what was the, what is your question your honor about exactly what happened at that October 25 or status hearing all cases for reference you've waived the right to jury. So unless I think the judge was attempting, at least the way it reads to prompt the defendant or fence counsel to file a motion or, you know, re raise the issue, because they're throughout the trend, it's clear that throughout this case, there was a feeling by the defendant that he had not waived jury in one particular case. I agree your honor specifically the obstruction, he continued the obstruction charge he continues to keep raising that the, the bottom line I think the controlling question is whether or not any waiver was ever entered on the DUI case. So, whether they discuss it again in October when they discuss it again in March. They may be talking about but they may be talking about all of the cases, quote unquote, all the cases, but this type of right is too fundamental to be waived by silent forfeiture. There has to have been some kind of indication that the waiver took place. Now, I believe that this, the state's theory is that yes anytime. The cases were discussed Mr hut was required to jump up and interrupt the court and say that he did want to waive his jury right or didn't want to waive it rather. I believe that it puts too much on the defendant to make them vigilantly watch their attorney and make sure that they don't forfeit any of the rights, this way. We have a million rules jury instructions, everything that's ensured designed to ensure that the jury trial is fair but we don't have much in place to protect the right to the jury trial in at all. We have one, one simple rule. You have the right to a jury trial, you can waive it but that waiver has got to be expressed and it's got to be understandingly made it's got to be made on the record. This, the state would seem to propose a different set of rules where you have to ask for that right continue to ask for that right if there's ever any question about it. And even when your attorney gets it wrong you need to stand up and demand that right on the day of trial. At that point, that no longer becomes a right, I believe it becomes a mother may I please have that which is enshrined in the Constitution game. That's not the law, and the law shouldn't be changed for this case, Oliver had had a right to a jury trial, he never waived that right, he stood upon his right to some jury trials, and that was denied him as to this case, the guilty finding should be vacated and the case remanded so that Mr. has that right back on the obstruction of justice charge as charged in this case, person obstructs justice when, with the intent to prevent their apprehension or prosecution, they knowingly conceal or disguise physical evidence. This court and people will be asked for elsewhere and excuse me, held that a person hiding and concealing their entire person from the police, even if, as the state theorized that's done to give alcohol time to dissipate through the body does not commit obstruction of justice under this section. And in the brief we talked about the language of this court used suggesting what the how the legislator needed legislature needed to express that if they did want it to apply to a case like this where they would have to say, or hides himself. The only difference between else permanent Mr. Hut is that Mr. took even less action to conceal anything. He didn't run and hide from the police requiring them to endanger themselves with public. If this court were to hold it right. I'm sorry. I want to ask you a question there's some interesting aspects of this case, one of them is the rule 23 order that this court rendered three and a half years ago and people be kindly but both you and. Miss Shepard are familiar with. I so my first question is, is there any problem with this court considering what we wrote in Kegley. No, you're of course there's there's there's no problem with this court considering it, there was no problem, honestly with the trial court considering it. I believe the problems I believe that the court has been a an opinion set of rule 23 order. The trial court would have been required to follow. If it were an opinion rather than a rule 23 is that you said your honor. Yes, yes, I believe that the court would have been required to follow it. Okay. If we were to agree with you. In this case, wouldn't we be essentially disregarding Kegley or overruling it. No, your honor, and here's why Kegley turned on a fact that was not present in this case, and that specifically had to do with the language and the warrant. The decision in Kegley I my reading of Kegley indicated that this court's decision was based partly on the fact that the warrant ordered Mr Kegley or the defendant that case to comply with the giving of blood, the war in this case did not. And I believe that Kegley turned somewhat on that command. As far as obstruction goes, that that's that language was not said, but where did we say that that was the basis of our decision. As I'm describing. That's, we merely described the warrant. But where we say that that's was the basis for decision. I don't have I don't have I don't actually have Kegley printed out in front of me I have a pinpoint. In dealing with this whole question. You refer to the statute, which uses the term concealed destroys alters or conceals. And I suppose you're familiar with the Baskerville case, which you and the shepherd discuss and in Baskerville the Supreme Court said this regarding the term obstruct. They said that term is not defined in section 31 dash one so when a statutory terms that expressly defined is appropriate to the notice meeting through its ordinary and popular popularly understood definition, and then goes to dictionary definitions. Shouldn't we do the same regarding the word conceal and what that means and how broad it is. I think we have to be careful your honor and giving a definition to conceal, which would excuse me, which would take the place of the world to either obstruct or conceal what we don't want to do is encroach upon the fact that there's already a misdemeanor for simply resisting an officer. My question, my question was, following the lead of the Supreme Court and Baskerville shouldn't we look to dictionary definitions for what conceal means and how broad it is. I believe they're going to resorting to the dictionary definition is appropriate in lieu of other guidance. I don't believe it would be appropriate here I believe that else Berman gives enough guidance to this court on the issue that this court doesn't need to reinvent the wheel here, the court already decided Nelson Berman that concealing your whole body doesn't count, but that's what those are the facts present in that case but in this case for instance, the defendant was told there was a search warrant for his blood urine, and he was asked to complying dinner. Isn't that the equivalent of withholding that information withholding that evidence or preventing the disclosure of that evidence. Well we I did. I, first of all, I do believe there's an important distinction between didn't comply and refused. The statute criminalizes refusal in a case like this and I don't think the evidence is strong enough here to guess refusal but that that that is that that's a that's a separate argument. He said what he did in this case, withhold that evidence by not complying with the search warrant, or another way of putting didn't he prevent the disclosure of that evidence by not complying with the search warrant to get blood in Europe. Well, I think that I think that you're on I think that I get I don't believe that the search warrant in this case, ordered him to do anything whether that was inherent to the Kegley ruling or not. That is my question Council I was very careful by not complying, didn't he withhold the evidence that the search warrants that he should provide. I think that non compliance. He did not give the information, he did not. I agree that he did not get to have this blood or urine taken so that the state would have this information available. It correct in the same way that somebody who refuses to answer questions hasn't hasn't has concealed the answers has not volunteered the information. See, here's the thing, and this is the reason I'm using the term advisedly withhold or preventing disclosure which I think occurred here because following the lead of the Supreme Court in Baskerville. The dictionary definition for withhold includes conceal. That's one of the first definitions included, and in the thesaurus.com, they've got for withhold about 35 words listed other words for withhold, and the very first one is conceal. Similarly, in the Oxford Dictionary online for the word withhold. They include synonyms failure to disclose or conceal. And in the Black's Law Dictionary, the most recent edition, concealment is defined as the very first definition, the act of preventing disclosure or refraining from disclosure, especially the intentional suppression or non-disclosure of facts that one is obliged to reveal. In this case, your client was obliged to reveal that pursuant to the search warrant that was issued, and he refused to do that. And another definition with Black's Law Dictionary is concealment is an affirmative act intended or likely to be or be to be likely to keep another from learning of a fact of which he would otherwise have learned. Isn't that exactly what happened here? Your client refused to comply with the search warrant, prevented the state from learning of a fact, namely, the blood alcohol content or how his urine would have registered, which the state would otherwise have learned had the defendant complied. Isn't that all correct? Your Honor, I don't believe it is. And here's why, if I may. If there's a search warrant to search my house, and I turn aside and let the police come in, and I know that the bloody knife is under my couch. I know that. They come in, they search my house. I don't say a thing because I don't have to. Search warrant doesn't say that I need to do anything, just like in this case, except let them into my house. I let him into my house. If I conceal the information that I know, I'm preventing the state from having that information. By those expansive dictionary definitions, we're criminalizing. Using your example, the better comparison would be you didn't let him in the house at all. So they never could obtain the information. Well, they didn't look in the right place. Your client never let him into his body at all. He never complied with the search warrant at all, did he? Your Honor, I believe that he did because I don't believe that there was any compliance required of that search warrant of him. I don't believe that there was any obligation on him to comply with anything in that search warrant. I want to go back to my earlier question. Following the lead of the Supreme Court of Illinois in Baskerville, we're supposed to look to dictionary definitions and commonly used terms. Would you agree that the Oxford Dictionary and the Black's Law Dictionary contain commonly used terms that this court could consider in trying to figure out what words mean? Of course, Your Honor. I think that every court that this court needs to consider has a dictionary definition, and I believe that we run the risk of being overly expensive. Why shouldn't the dictionary definitions I've cited to you, where withhold essentially means conceal, vice versa, why shouldn't we follow those and conclude that when the statute speaks of how a person commits this offense or destroys, alters, or conceals physical evidence that that means or could mean, destroys, alters, withholds, or prevents disclosure of physical evidence? Isn't that what the dictionaries tell us the definition could mean? I believe that that's what the dictionary tells us that it means. I've not looked up the definition myself. But before we criminalize something, Your Honor, before we make it a felony, it's on the legislature to be very clear. It's on the search warrant issuer to be clear if there's a requirement that he be named as needing to comply with some order in that search warrant. Was the Supreme Court wrong in Baskerville when they said we should look for dictionaries definitions to clarify what these terms mean? I don't believe that that was the type of... I believe that the dictionary definitions are one of many things that the court can rely on to apply to the different facts. But, again, before we can make something a felony, punishable by prison time, the law needs to be more explicit. Any requirements in the search warrant on him need to be more explicit. Your Honor, I'm sorry. I'm going to jump in here as well. Isn't there a distinction in that Kegley and Baskerville are looking for the definitions on obstructing a peace officer? The definitions in looking at conceal had to do with a separate offense, did it not? And that's what I was actually checking my notes for. It is confusing because a lot of the case law does apply to the misdemeanor offense of resisting and obstructing a peace officer in an official action. The idea of concealing evidence, which is a felony, requires more, requires heightened, and therefore words must be construed more narrowly, more against the state, and less in favor of criminalization. And so when there's already case law on point like Elsperman, I don't believe resorting to the dictionary is necessary. I believe that would require it. Let me go back, counsel, to Elsperman since you've now referred to it a second time. Here's a quote from Elsperman. In People v. Ivey, First District case, the case closest on point, the court wrote the following. By the way, this is about obstructing justice. This is the same statute, 314. The essence of the crime of obstructing justice is destruction or concealment of evidence relating to a criminal investigation or prosecution, unquote. Our construction of 314 of the code is consistent with the holding in Ivey. So when we're talking about concealment of evidence, aren't we looking for what terms concealment encompasses, such as withholding or preventing disclosure? Your Honor, I believe that keeping the evidence within your body is not concealment until there's a legal requirement for you to disclose it. So had the search warrant said you're under court order to comply with this, you wouldn't be making this argument? I would not be making this argument. I would be relying more strongly on the fact that you didn't refuse. Is he guilty under these facts of obstruction of justice? I don't believe he would be, Your Honor, because I don't believe that the evidence regarding his refusal was clear enough. But if that issue were resolved, I don't have a better argument that I would be able to make here. I think that it's clear that I don't believe that he did refuse. And I think that absent that warrant requirement, there was no legal obligation for him to comply, at least to the extent where failure to do so would be a felony. Thank you, counsel. We'll hear from you on rebuttal. Thank you. Shepard. Your Honors, as to issue one, defendant did make a valid jury waiver in 17 DT 51 under the Supreme Court's decision in Frye, which is a case remarkably similar to this one. In Frye, the Supreme Court held the defendant made a valid jury waiver considering facts and circumstances similar to those here, together with the fact that, as here, defendant silently acquiesced in the trial court statement in his presence on the day of trial that all counts were set for a bench trial. Now, contrary to opposing counsel's argument, the Supreme Court in Frye does not require some affirmative statement by defendant's attorney in his presence that the defendant wishes not to exercise his right to a jury trial and instead chooses a bench trial. Contrary to defendant and the court in Roberts, which mistakenly believed that such a requirement was imposed in Frye, the jury waiver entered by defense counsel in Frye was, as here, as to counts other than the DUI counted issue. Defendant Frye waived his right to a jury trial on reckless homicide counts before the DUI counted issue was even charged. Defense counsel in Frye did not enter a jury waiver on the DUI charge. There was no jury waiver by defense counsel in Frye on the DUI charge. Contrary to defendant, there were no subsequent references to any such non-existent jury waiver or any silent acquiescence by the defendant in Frye to any such non-existent references. Frye, therefore, is not distinguishable on the non-existent grounds that defendant asserts. Defendant also is not held by Smith, in which the Supreme Court ruled that a half sheet in the common law record bearing the stamped legend jury waived was insufficient to establish a valid jury waiver. Unlike in Smith, here, defendant was present in court on the many occasions on which a jury waiver was discussed. As in Frye, he was fully aware of his right to a jury trial. He was specifically admonished of it when he waived it in cases 752 and 405. His extensive criminal record, which included convictions for felonies and a DUI, further showed his familiarity with his right to a jury trial and the consequences of waiving that right. His extended term sentencing argument showed his intelligence and evidence relevant to the charge in the DUI case was relevant to the charge in the 405 obstruction case as to which defendant had waived his right to a jury trial. As in Frye, considered with those facts and circumstances, defendant's silent acquiescence in the trial court statement in his presence on the day of trial that the DUI case and the other 2017 cases were set for bench trial established his valid jury waiver in the DUI case. The record does not support defendant's contentions that defense counsel misinterpreted, misrepresented to the court that defendant had waived his jury trial right in 17 DT51, the DUI case, or that defendant asserted that he wanted a jury trial in that case. Instead, it shows that the jury waiver that counsel repeatedly stated defendant had made was the one that he clearly made on October 10th in the 752 and 405 cases. It was that jury waiver that defendant insisted that he had not made and as to which he objected on grounds that contrary to the admonishments that he was given before he made that waiver, he was not extended term eligible. His argument with which defense counsel at one point agreed was that he was not extended term eligible on the felony charges on which he waived his jury trial right, the 752 and 405 cases. Defense counsel did not misrepresent to the court that defendant had waived his jury trial right in the DUI case, but correctly represented to the court that defendant had waived it in the felony 752 and 405 cases. Nothing in the record shows that defendant wanted a jury trial in the DUI case. Nothing in the record shows that absent defense counsel's representations, defendant would not have waived his jury trial right in the DUI case. Defense counsel was not ineffective. As for his other argument that the trial court denied him his jury trial right in the DUI case, defendant forfeited his argument by failing to object to trial, raise the issue in the post trial motion. Defendant does not assert plain error. This court should honor his forfeiture. But if this court opts to review the issue despite his forfeiture, it should find that the record shows that defendant was not denied his jury trial right in the DUI case, but rather made a valid waiver of that right under FRI. So as to the obstruction issue, issue two, I really have nothing to add. The court's discussion explored all those important issues relating to that issue. Unless the court has questions about that, I'll move on to just say that as to issue three, of course, the Supreme Court in Burge held that the restitution order in that case was clear error because it had no actual basis in the trial or sentencing evidence, but rather was simply declared by the prosecutor and accepted by the sentencing court. And based on his prior decision in Lewis, the Supreme Court in Burge ruled that the lack of sufficient evidentiary support for restitution order is second-pronged plain error. So the Supreme Court's decision in Burge says nothing about the sufficiency of a restitution order's direction of how restitution is to be paid. And that the restitution order here stated only that Bridgman, the owner of the damaged truck, was to be paid first is not an error sufficiently grave that it amounted to second-pronged plain error. Burge does not address or support defendant's argument to the contrary. The Supreme Court in Burge addressed and overruled this court's decision in Hansen only on the issue of whether a lack of sufficient evidentiary support for a restitution order is second-pronged plain error. It did not overrule this court's ruling in Hansen, consistent with Lewis, on which the Supreme Court in Burge relied, that sufficient evidentiary support for a restitution order may be provided by the party stipulation. The Supreme Court in Lewis held that the evidentiary basis for a street value fine may be provided by stipulation to the current value. In Burge, the trial court simply accepted the prosecutor's declaration of the amount of restitution, which the Supreme Court found to be insufficient to provide an evidentiary basis for the restitution amount. Here, unlike in Burge, both the prosecutor and defense counsel agreed with the proposed restitution order. Unlike in Burge, here the prosecutor did not simply declare a restitution amount. Instead, the prosecutor and defense counsel agreed the defendant was to pay total restitution of $10,175.80, consisting of a $250 insurance deductible, which defendant was to pay first to Tyler Bridgman, and $9,925.80 to State Farm Insurance, for which the order states a claim number. In agreeing with the restitution order, the parties stipulated that it had a sufficient evidentiary basis, which was reflected by the order itself, which specified and broke down the restitution amount and listed an insurance claim number. Under the Supreme Court's decision in Lewis, on which the Supreme Court relied in Burge, the statutory requirement that the court assess the amount of restitution, just like the statutory requirement that the court determine the amount of a street value fine, may be satisfied by its acceptance of the parties' stipulation. The court did not commit any error in doing that here. The Supreme Court's decision in Burge that a lack of sufficient evidentiary support for a restitution order may be second-pronged plain error is inapplicable here, where there was no error. I have a question. Are you done with that argument? Yes, Your Honor. I want to go back to sufficiency on the charge of obstructing justice. You're no doubt, Mrs. Issue 2, you're no doubt familiar with the language of the statute, and referring to Section 31-4A-1, states that a person normally commits in the offense any of the following acts. And my question is this. There's at least five other actions. Of any of those five actions, would the defendant in this case, would that defendant have been guilty? And here are those acts. Destroys, alters, disguises physical evidence, plants false evidence, or furnishes false evidence. So you take out conceal and looking at the statute, would any of the facts herein, stated in the statute, be appropriate in charging the defendant in this case of obstructing? Your Honor, I would say it doesn't sound like any of those other acts would be applicable to this case. Would you agree with me with the resisting charge? We're talking about the preventing of disclosure. I'm trying to find the language. Resists or obstructs the performance by one to the person to be the peace officer, firefighter, correctional institution. So we're talking about preventing disclosure. Would you agree with me there? I'm sorry. I'm sorry. I'm not sure that I understand the question. Would I agree with you as to whether the resisting? I'm sorry. Looking at the language of the resisting statute and reading that language, it seems to be the legislature was trying to prevent the preventing of disclosure of certain things to law enforcement. Is it not? I don't have that statute right in front of me, Your Honor, and I know that you just described it to me. Let me see if I can find it. But the fact that perhaps the statutes overlap would not be would not be a reason to find that there wasn't sufficient evidence here. The defendant didn't commit obstructing justice here. I do believe that the court in Baskerville addressed the overlap between those those statutes and said that they can be read harmoniously. Baskerville, the facts in the charges in Baskerville are referring to a resisting charge. Is it not? It was obstructing or resisting a peace officer. Yes. And I just I would point out also that there a difference in the statutes. The resisting or obstructing a peace officer statute talks about knowingly resisting or obstructing the performance by one known to be the person to be known by the defendant, the person to be a peace officer. And, of course, the obstructing justice statute talks about an act and Baskerville defines obstruction as the court is well aware. And that definition of obstruction should apply to both. I'm sorry, I was just going to say, could I just make the point about acts that an act does not have to be a physical act? And that's well known. It's defined in the criminal code. So whether or not it's an act and one statute specifically states act like the obstruction of justice statute does does not cause a problem here. So then please describe to me what the act in this particular case was that equates to concealment. Defendants failure to submit to the officers lawful request to comply with a lawful search warrant. None of the statute and act can be an omission. Correct, Your Honor. How is that? What authority do you have for that proposition? Well, that's what the court in Sanat stated. Sanat was cited in Baskerville and relied on in Baskerville. I cited in my brief. But again, I just want to just point out that's an obstruction of peace officer case. It's not obstructing justice case. If I'm correct, if I'm wrong. That's correct. Right. But it still goes to the same point of, you know, the fact that there's an act in one that the statute in the obstruction of justice statute specifically refers to an act still means that this conduct would be covered because an act can be a refusal to act. And that's what we have here. So, unless Your Honor has any other questions, are there any other questions, we would simply ask that you affirm. Thank you, counsel will hear from the appellate on rebuttal. Thank you. Just to answer address a couple of points are raised. May please record I'm sorry. Just on that last point regarding an act. I believe it does make a difference. Again, if we're talking about a misdemeanor versus a felony. It makes conceptual sense that the law may criminalize a failure to take an action as a misdemeanor, but if we're going to make something a felony, it requires something a little more affordable something a little more culpable than just sitting back, keep your mouth closed in Friday. To go back to, excuse me, argument one for a moment. In Friday there was a waiver. There may not have been a. There may not have been a waiver as to particular counts, but there was a waiver on that entire case. In this case, no waiver was ever given on 17 DT 51. And in fact, the date on which the court believed that a waiver was given the case wasn't even called they called two other cases and did not call 17 DT 51. That's why we didn't even have a transcript in that record for that case. So, I believe that that is a big distinction between fries that at least a waiver was entered. Back to point to be the scenario you described about a search warrant for the defendant's house. Imagine that situation, assuming that for the moment. And the police showed up at his door and said we have a search warrant. Let us in. Does he have to let them in. If I'm sorry if the search if the police says we have a search warrant we have to let them have a search warrant for his house says here. He has to let them in, whether or not not letting them in is obstruction I should turn on whether there was language in the warrant directing him to have a duty to let them in. He was certainly have a duty to not obstruct them. I mean letting them in. And I'm not trying to quibble here your honor I believe it does make a difference as far as whether you're standing aside or we're just getting out of their way or opening the door and inviting them in. Well, the reason I asked that is because I'm going back search warrants for a moment. And over the, it's been a while since I've looked but I've handled lots of them hundreds of them maybe over the years, they authorized the police to search, but they almost never in my experience contain language to the effect of, by the way, Mr. You have to let the police in. Isn't that correct. I believe it is uncommon for them to directly directly being even absent that direction. They're on their duty to let them in. There may be a duty to let them in but not to the extent that failure to do so would be a statute for obstruction. Going back to one more dictionary definition Miriam Webster's dictionary of the law, defining conceal to prevent disclosure of or failure to disclose, especially in violation of a duty to disclose. So assuming that there's a duty to comply with the search warrant. That would be a concealment when you're preventing disclosure. That would be under the dictionaries definition of duty which we treat differently. We have different definitions for duty that are very specific one last thing by the way, to the extent of what happened here stepping back for a moment. Isn't this police conduct that we want to encourage, but we want the police when dealing with a situation like this to seek and get a search warrant from a neutral magistrate and wouldn't our agreement with you, the run contrary to that policy. Not necessarily run I believe that there are ways to encourage police behavior that don't require criminalization of silent act specifically felony criminalization of failure to act. There are ways to accomplish that goal of encouraging police procedure that don't require this person to have a conviction for obstruction of justice, when he just failed to agree. I'm not going to, I'm not going to comply with the search for my work. Well, if we want to make sure that this conviction stands in the future I think that a requirement to put that language in the work would be a good idea. But otherwise, the felony conviction is a big hammer, and we don't necessarily need to use that hammer to hammer down every nail such as encouraging the police to engage in that help get compliance if the cop said look this is going to be obstruction of justice in a serious crime if you don't let us take what we have been authorized by a judge to take blood and urine sample. Your Honor, that would be better, that would certainly add and it is important here that they did not tell him that failure to comply would be a crime. In fact, the police said we never do, or said we regularly usually don't inform them. So, if they had my argument would be a little bit weaker and in this case they didn't. Overall, I think, Mr Wallach, may I interject, isn't there a criminal remedy with regard to this policy argument in that they could have brought the charge and did resisting a police officer. That, that's correct Your Honor and that's, that's where I'm taking my long way to get there and I apologize. They could have filed they could have found the misdemeanor resisting charge, which most likely I don't know what his blood was but at least that would have been within the same ballpark is the DUI charge that let's assume he was trying to avoid. If he was trying to evade the DUI charge, fine, we're going to hit you with this misdemeanor charge. I don't think we get to step it up to a felony, just because he failed to enthusiastically comply, which is what I think happened. Council I have your time's expired, but I have a question. Yes. Would the police then be required to know, ahead of time, or would public policy require, how do we know this DUI isn't a felony. You make out like well it's all it's just a misdemeanor but we see more and more often in Illinois, that these are offenses that call for mandatory prison time, because it's a repeat DUI. And maybe the early DUI was one where left the scene also as a result of personal injury accident, those kinds of factors are not necessarily known to the officer that serving at warrant. So saying, well, this would be more if you file one charge that'd be more equivalent to the misdemeanor charge of DUI, that's not accurate. That's correct your honor and I don't want to, I don't want to give the impression that I'm saying that the police are in charge of knowing all that the charging is not necessarily the arresting is the officer's decision, charging is not the the prosecutor makes that in the cold light Monday morning, and makes a decision where the charges is a misdemeanor felony. But we should not assume that this would have been a felony in lieu of any particular fact we can point to felony felony DUIs tend to be a smaller subset, we should probably assume, not that I think that necessarily, that's the best policy or argument, but it would at least be within the same scale of criminality. Thank you counsel will take this matter under advisement and recess until the readiness of our next case.